| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1<br>**LOWENSTEIN SANDLER LLP**<br>Eric S. Chafetz, Esq.<br>Erica G. Mannix, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Email: echafetz@lowenstein.com<br>Email: emannix@lowenstein.com<br><br>*Counsel to Ideanomics Inc.* | |
| *In re*:<br><br>Supor Properties Enterprises LLC, et al.,[1]<br><br>                Debtor. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Jointly Administered) |
| Supor Properties 600 Urban Renewal, LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>Ideanomics Inc.<br><br>                Defendant. | Adv. Pro. No. 24-01205 (SLM) |

**ANSWER OF DEFENDANT, IDEANOMICS INC. TO VERIFIED COMPLAINT AND COUNTERCLAIM**

---

[1] The Debtors in these related chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

Ideanomics Inc. ("Ideanomics" or "Defendant") hereby answers Super Properties 600 Urban Renewal, LLC's ("Supor" or "Plaintiff") Verified Complaint (the "Complaint") as follows:

## ANSWER

## SPECIFIC RESPONSES

## THE PARTIES

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

## BACKGROUND

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Paragraph 9 refers to or describes portions of the appraisal dated October 13, 2022 (the "Appraisal") by Appraisal Capital Services, and Defendant states that the Appraisal speaks for itself and as such no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

## FIRST COUNT

(*Breach of Contract*)

11. Defendant incorporates by reference its answers to the allegations set forth in all preceding paragraphs of this Answer, as if set forth in full herein.

12. Defendant admits the allegations in paragraph 12.

13. Paragraph 13 refers to or describes portions of that certain written lease (the "Lease") by and between Plaintiff and Defendant, and Defendant states that the Lease speaks for itself and as such no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Paragraph 16 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 16 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 16.

17. Paragraph 17 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 17 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 17.

18. Paragraph 18 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 18 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 18.

19. Paragraph 19 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 19 also states a legal

conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 19.

20.     Paragraph 20 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required.  Paragraph 20 also states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 20.

21.     Paragraph 21 refers to or describes portions the Lease, and Defendant states that the Lease speaks for itself and as such no response is required.  Paragraph 21 also states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 21.

22.     Paragraph 22 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required.  Paragraph 22 also states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 22.

23.     Paragraph 23 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required.  Paragraph 23 also states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 23.

24.     Paragraph 24 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required.  Paragraph 24 also states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 24.

25. Paragraph 25 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 25 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 25.

26. Paragraph 26 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 26 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 26.

27. Paragraph 27 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. Paragraph 27 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 27.

28. Paragraph 28 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff sent the "Notice of Default and Notice of Termination" to Defendant alleging breaches of the Lease on or about July 24, 2023. Defendant otherwise denies the allegations in paragraph 28.

29. Paragraph 29 states legal conclusions as to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff sent Defendant a "Notice of Default and Notice of Termination" of the Lease on or about July 24, 2023. Defendant otherwise denies the allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Paragraph 34 states legal conclusions as to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief about the truth of the allegations in Paragraph 34 and accordingly denies them. To the extent a further response is required, Defendant denies the allegations in paragraph 34.

35. Paragraph 35 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 35.

36. Paragraph 36 states legal conclusions as to which response is required. To the extent a response is required, Defendant denies the allegations in paragraph 36.

37. Defendant lacks sufficient information to form a belief about the truth of the allegations in paragraph 37, and accordingly the allegations are denied.

38. The first and second sentence of paragraph 38 states legal conclusions as to which no response is required. Further, Defendant lacks information sufficient to form a belief about the truth of the allegations in the first and second sentence of paragraph 38, and accordingly denies the allegations therein. To the extent a further response is required to the allegations in the first and second sentence of paragraph 38, the allegations are denied, except that Defendant admits it provided a security deposit of $161,020. Defendant explicitly denies that it breached the Lease, and explicitly denies that Plaintiff has been damaged. The third sentence of paragraph 38 state a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in the third sentence of paragraph 38.

39. The first sentence of paragraph 39 refers to or describes portions of the Lease, and Defendant states that the Lease speaks for itself and as such no response is required. To the extent that a response is required, Defendant denies the allegations in the first sentence of paragraph 39. The second sentence of paragraph 39 is an incomplete sentence which is incomprehensible, and as such no response is required. To the extent that a response is required, Defendant denies the allegations in the second sentence of paragraph 39. Defendant lacks information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of paragraph 39, and accordingly denies such allegations. The fourth sentence of paragraph 39 also states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in the fourth sentence of paragraph 39. As to the WHEREFORE clause and each subparagraph thereof, Defendant denies that Plaintiff is entitled to judgment or any claimed damages or relief.

## SECOND COUNT

(*Turnover of Estate Property Pursuant to 11 U.S.C. § 541 & 542*)

40. Defendant incorporates by reference its answers to the allegations set forth in all preceding paragraphs of this Answer, as if set forth in full herein.

41. Paragraph 41 states a legal conclusion as to which no response is required.

42. Paragraph 42 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 42.

43. Paragraph 43 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 43.

44. Paragraph 44 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 44.

45. Defendant admits the allegations in paragraph 45.

46. Defendant admits the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Paragraph 48 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 48. As to the WHEREFORE clause and each subparagraph thereof, Defendant denies that Plaintiff is entitled to judgment or any claimed damages or relief.

## THIRD COUNT

(*Turnover of Estate Property Pursuant to 11 U.S.C. § 541 & 542*)

49. Defendant incorporates by reference its answers to the allegations set forth in all preceding paragraphs of this Answer, as if set forth in full herein.

50. Paragraph 50 states a legal conclusion as to which no response is required.

51. Paragraph 51 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 51.

52. Paragraph 52 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 52.

53. Paragraph 53 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 53.

54. Paragraph 54 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 54.

55. Paragraph 55 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 55. As to the WHEREFORE clause and each subparagraph thereof, Defendant denies that Plaintiff is entitled to judgment or any claimed damages or relief.

## FOURTH COUNT

### (*Unjust Enrichment*)

56. Defendant incorporates by reference its answers to the allegations set forth in all preceding paragraphs of this Answer, as if set forth in full herein.

57. Paragraph 57 states legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Paragraph 59 states a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 59.

60. Paragraph 60 contains legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 60. As to the WHEREFORE clause and each subparagraph thereof, Defendant denies that Plaintiff is entitled to judgment or any claimed damages or relief.

## DEFENSES

Defendant expressly incorporates all allegations in its Answer as if fully set forth in each of the following Defenses.

Without admitting any wrongful conduct on the part of Defendant, and without admitting that Plaintiff has suffered any loss, damage, or injury, Defendant alleges the following Defenses to the Complaint. By designating the following as Defenses, Defendant does not in any way waive or limit any defenses which are or may be raised by the denial, allegations, or averments set forth herein. Certain Defenses are asserted for completeness and refer to facts and proof which also negate required elements of Plaintiff's claims, and by raising such Defenses, Defendant does not admit that Plaintiff does not have the burden of proof and/or the burden of persuasion for any or all facts underlying any of those Defenses or suggest that Plaintiff is not required to carry the burden as to such elements.

This statement of defenses is based on Defendant's investigation to date, and Defendant reserves the right to supplement or amend these Defenses during the course of this litigation, and to amend its Answer accordingly.

**FIRST DEFENSE**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. Defendant vacated and surrendered the Premises to Plaintiff.

**THIRD DEFENSE**

3. Plaintiff's damages, if any, were the result of Plaintiff's own actions or inactions.

**FOURTH DEFENSE**

4. Plaintiff's damages, if any, were not proximately caused by any act or omission of Defendant.

**FIFTH DEFENSE**

5. Plaintiff's claims are be barred or must be reduced to the extent Plaintiff failed to mitigate damages.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred or must be reduced to the extent Plaintiff has or will recover any compensation from any source whatsoever apart from Defendant.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands, and/or setoff.

**EIGHTH DEFENSE**

8. The covenants contained in the Lease are mutually dependent. Thus, Defendant's obligation to pay rent is dependent upon Plaintiff's covenant to act in good faith and not unreasonably withhold consent to a proposed sublease. None of the specific situations set forth in the Lease regarding when the landlord (Plaintiff) can refuse to consent to a proposed sublease apply here. Moreover, to the extent any additional reasons not contained in the Lease might be considered valid reasons for denying a proposed sublease, those situations also do not apply.

**NINTH DEFENSE**

9. Defendant is not entitled to liquidated damages under the Lease because any provisions of the Lease purporting to provide for liquidated damages are unreasonable and unenforceable under New Jersey Law.

**TENTH DEFENSE**

10. Defendant reserves the right to add additional affirmative and/or separate defenses as discovery progresses.

**COUNTERCLAIM**

Ideanomics, by way of Counterclaim against Plaintiff Supor, hereby states:

1. In or about March 2023, Ideanomics engaged Cushman & Wakefield (the "Broker") to find a sublessor for the leased premises located at 600 Guyon Drive, Harrison, NJ (the "Premises").

2. On May 10, 2023, Ideanomics and Supor participated in a meeting to discuss subletting the Premises.

3. On or about May 15, 2023, Supor stated that Ideanomics was not permitted to show the Premises to potential sublessors and that Supor would not give any approval to market the Premises.

4. In August 2023, Supor agreed and approved Ideanomics to market and show the Premises.

5. Between August and December 2023, Ideanomics and the Broker contacted Supor and/or its representatives notifying them of at least [two][2] potential tenants interested in leasing the Premises and providing copies of the two written offers.

6. As of December 6, 2023, Supor did not respond to Ideanomics or the Broker in connection with the potential tenants or the written offers.

7. Pursuant to section 20.2 of the Lease, Supor "shall exercise commercially reasonable efforts to mitigate its damages as and to the extent required by Legal Requirements."

8. Section 20.2 of the Lease also provides that Ideanomics "shall, subject to the terms of this Lease, exercise commercially reasonable efforts to mitigate any damages incurred by Tenant as a result of [the event of any] default."

## COUNT ONE

(*Breach of the Covenant of Good Faith and Fair Dealing*)

9. Ideanomics repeats and reiterates each allegation contained in each of the foregoing paragraphs as if each were set forth at length herein.

10. Implied in every contract in New Jersey is a covenant of good faith and fair dealing.

11. At all relevant times, Plaintiff was aware of its duties and obligations under the Lease.

12. Plaintiff was aware of nonpayment of rent and other amounts due and owing in April 2023.

---

[2] [NTD: Ben and Matt, please confirm.]

13. As early as May 2023, Plaintiff was aware that Defendant was attempting to find a sublessor for the Premises.

14. Plaintiff denied Defendant's ability to sublease and/or find replacement tenants for the Premises.

15. Plaintiff actively interfered with and prevented Defendant from showing and marketing the Premises between May 2023 and August 2023.

16. Instead, Plaintiff sat idly by while damages purported to accrue against Defendant.

17. Plaintiff breached the covenant of good faith and fair dealing.

**WHEREFORE**, Defendant Ideanomics hereby demands judgment against the Plaintiff on the Counterclaim for such sums as may reasonably compensate Ideanomics, together with attorney's fees, costs of this suit, and such other and further relief as the Court deems just and proper.

Dated: July 23, 2024

**LOWENSTEIN SANDLER LLP**

*/s/ Eric S. Chafetz*
Eric S. Chafetz, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: echafetz@lowenstein.com
Email: emannix@lowenstein.com

*Counsel to Ideanomics Inc.*